# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**LUIS DELEON**  PLAINTIFF

**v.**  **CIVIL ACTION NO. 4:22-CV-P102-JHM**

**GRAYSON COUNTY KENTUCKY** *et al.*  DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the amended complaint (DN 9)[1] pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court will dismiss this action.

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff Luis DeLeon, who was housed as a pretrial detainee at the Grayson County Detention Center (GCDC) during the time pertinent to this case,[2] names as Defendants Grayson County, Kentucky and, in their individual and official capacities, the following GCDC employees: Jailer Jason Woosley, Chief Deputy Jason VanMeter, Colonel Bryan Henderson, and Commissary Administrator Lisa England.

Plaintiff alleges that Defendant England, at the direction of Defendants Woosley, VanMeter, and Henderson, "acted with deliberate indifference to my civil rights" when she "appropriated money from my account as restitution for a jail television that was damaged by another inmate[.]" He states that the money was taken without his consent or authorization, without evidence of wrongdoing by him, without notice or a hearing, and without the issuance of

---

[1] Plaintiff initially brought this action along with several other inmates in *Salmon et al. v. Grayson Cnty. et al.*, No. 4:22-cv-88-JHM. However, the Court severed Plaintiff's claims from that action and ordered Plaintiff to file a superseding amended complaint containing only claims personal to him (DN 8).

[2] Since filing his amended complaint, Plaintiff has been transferred to the Oldham County Jail.

a disciplinary report. Plaintiff states that in response to one grievance that he filed, Defendant Woosley wrote that "since there is no proof that any one inmate is responsible for the damage 'all inmates are responsible.'" Plaintiff further alleges that:

> In order to circumvent the due process requirements of disciplinary procedures, the defendants have conspired to adopt and implement an unwritten policy of summarily appropriating relative small sums of money from large groups of inmates who are housed in areas of the jail where GCDC property is either damaged, destroyed or simply stops working. This practice . . . has affected hundreds of inmates who have been wrongfully charged money in the past.

Plaintiff also alleges that GCDC has a policy of denying indigent and *pro se* inmates access to legal reference material from non-attorneys. Plaintiff also states that there is not an adequate law library at GCDC and that he has tried to have legal reference material that is not in the law library sent him but that it was rejected by staff.

Plaintiff seeks damages and injunctive relief.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per

curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

**A. Misappropriation of Funds**

The Court construes Plaintiff's allegations related to money being taken from his jail account as restitution for a damaged television as a claim for the deprivation of his property in violation of the Due Process Clause of the Fourteenth Amendment. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit has held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that

3

Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt. See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### B. Inadequate Law library/Rejection of Legal Materials

The Court next turns to Plaintiff's allegation that GCDC has a policy of denying indigent and *pro se* inmates access to legal reference material both because there is no adequate law library at GCDC and because legal reference material sent to him was rejected by the "GCDC mail room." In his request for injunctive relief, he asks that GCDC be ordered to allow inmates to receive legal reference material from non-attorneys. Accordingly, the Court interprets his claim to refer to legal reference material rejected by staff only when it is sent by non-attorneys.

It is well-established that prisoners have a constitutional right to access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). To state a viable claim, however, an inmate must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Id.* at 351; *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) ("The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial."). In other words, a plaintiff must plead and demonstrate that the lack of legal materials has hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Muse v. Lawson*, No. 6:20-CV-00145-GFVT, 2020 WL 4340743, at *3 (E.D. Ky. July 28, 2020) ("[T]o establish a claim that the jail has interfered with his right of access to the courts, a prisoner must show actual injury to a nonfrivolous claim.").

Plaintiff has not alleged any actual injury to his ability to pursue a non-frivolous legal claim by the inadequacy of the law library or legal materials available to him, and thus, fails to state a claim. *See Rayburn v. Blue*, 154 F. Supp. 3d 523, 533 (W.D. Ky. 2015) ("An inmate who claims his access to the courts was denied merely because he was denied access to the prison library, or certain books, fails to state a claim."). Thus, this claim will also be dismissed for failure to state a claim upon which relief may be granted.

### C. Injunctive Relief

The Court next turns to Plaintiff's requests for injunctive relief. Because the Court is dismissing Plaintiff's claims on the merits, Plaintiff's requests for injunctive relief must also be dismissed. Plaintiff's requests for injunctive relief are also subject to dismissal because they have been rendered moot by Plaintiff's transfer from GCDC to another jail. *See, e.g.*, *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) ("[A] prisoner's claim for declaratory and injunctive relief against certain prison officials [becomes] moot once the prisoner [is] transferred from the prison of which he complained to a different facility.").

### IV. CONCLUSION

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: December 19, 2022

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Grayson County Attorney
4414.011